## McHUGH v. ASTROPHE

(City Court of New York, General Term.  February 8, 1893.)

1. PRACTICE—PLACING CASE ON "SHORT-CAUSE" CALENDAR.
    The trial court may order an action to be taken from its regular place on the calendar, and placed on a "short-cause" calendar for speedy trial, if justice so requires.

2. SAME—FAILURE TO PAY ACCRUED COSTS.

Such an order should not be granted a party to the action where he has failed to pay motion costs awarded to his opponent by a prior general term of court; Code Civil Proc. § 779, providing that, where costs of a motion directed by an order are not paid, all proceedings on the part of the party required to pay them are stayed until the payment thereof.

Appeal from special term.

Action by Sarah McHugh, as administratrix of Allaine Magory, deceased, against Jules Astrophe, as executor of Louisa Astrophe, deceased. From an order directing the action to be placed on the short-cause calendar, defendant appeals. Reversed.

Argued before McGOWN, VAN WYCK, and FITZSIMONS, JJ.

Booraem, Hamilton & Beckett, for appellant.
Emile B. Morel, for respondent.

FITZSIMONS, J. This being an equity action, the trial must be without a jury. The order appealed from does not attempt to take away that right. The action was ordered for trial as a preferred cause on the short-cause calendar, which is, in the court, a calendar made up of equity causes and actions on contract that may be tried within one hour. The fact that the said order recites that the trial shall take place in part 2, instead of part 4,—the latter being the equity trial part,—is inconsequential, plainly a clerical error, and was so regarded by the calendar clerk and the attorneys for the parties hereto, because the action was actually placed on part 4 calendar, and there appeared, and was answered by said attorneys. The justice sitting in that part, when it appears for trial, will try it without a jury, as are all equity actions tried.

The justice who made the order had a right to do so, if, in the interests of justice, he deemed it proper to order a speedy trial herein. The appellant cannot complain, having received due notice of trial. Any cause may be taken out of its regular place on the calendar by the court, and made a preferred cause, and a speedy trial ordered, if, as above stated, justice so requires. This is an inherent right which the court has, and does not depend upon, nor is it restricted by, any section of the Code of Civil Procedure. Smith v. Keepers, 5 N. Y. Civil Proc. R. 66. The only objection to the order is that respondent failed to pay the costs awarded appellant by a prior general term of this court. The costs so awarded were motion costs, and until paid all proceedings of respondent are stayed by virtue of section 779 of the Code of Civil Procedure.[1] For this reason the order appealed from must be reversed, but without costs, with leave to respondent to apply again for such an order upon payment of the unpaid costs just mentioned. All concur.

---

[1] Code Civil Proc. § 779, provides that, where costs of a motion, directed by an order, are not paid, * * * all proceedings on the part of the party required to pay them, except to review or vacate the order, are stayed until the payment thereof.